IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-550-FL

RANDY JONES, )
)
Plaintiff, )
)
) **MEMORANDUM AND**
v. ) **RECOMMENDATION**
)
CUMBERLAND COUNTY )
MUNICIPALITY, )
)
Defendant. )

This pro se case is before the court for a frivolity review pursuant to 28 U.S.C. §

1915(e)(2)(B) of the complaint filed by plaintiff Randy Jones ("plaintiff"), an inmate. The

frivolity review was referred to the undersigned Magistrate Judge for issuance of a memorandum

and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* 21 Oct. 2014 Public D.E.).

For the reasons set forth below, it will be recommended that plaintiff's complaint be dismissed

for lack of subject matter jurisdiction.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I. BACKGROUND**

Plaintiff's complaint (D.E. 1) consists of a four-page complaint form completed in

handwriting (*id.* at 1-4) and an accompanying three-page typewritten document entitled

"Complaint" (*id.* at 5-8). Plaintiff also filed as a supplement to the complaint a petition for

clemency (D.E. 9 at 1-2) addressed to the Governor of North Carolina with a supporting

unsigned affidavit (*id.* at 3). In a cover letter to the clerk, plaintiff explains that he submitted the

clemency petition "for the Court to consider the totality of my Eighth Amendment claim." (Ltr.

(D.E. 9-1)).

The complaint names as the sole defendant Cumberland County Municipality ("defendant"). (Compl. 2 ¶ III.B). It, together with the clemency petition and supporting affidavit, allege as follows:

On 12 April 1999, plaintiff pled guilty in Cumberland County (North Carolina) Superior Court to trafficking 46 grams of heroin. (*Id.* at 6 ¶ 5, 2 ¶ II.2). He was sentenced to a fine of $500,000 and a minimum term of imprisonment of 225 months and a maximum term of 279 months. (*Id.* at 6 ¶ 5; Clemency Pet. 1).

The fine is excessive under the Eighth Amendment. (Compl. 6 ¶ 6). He contends that he has no remedy at law and will be irreparably harmed unless the court strikes the fine. (*Id.* at 6 ¶ 7). Plaintiff demands a declaratory judgment, mandatory injunctive relief, costs, and other relief. (*Id.* at 6 ¶¶ 8-12).

The term of imprisonment is also excessive in violation of the Eighth Amendment. (Clemency Pet. 1-2 ¶¶ 1-5). Among other reasons, plaintiff has experienced a positive change of character evidenced by the classes he has taken and the jobs he has performed in prison. (*Id.* 1; Support. Aff.). While the clemency petition expressly asks for clemency from the Governor, by implication plaintiff seeks by it comparable relief sought with respect to his fine.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Frivolity Review

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because

2

the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33. The failure to state a claim standard is the familiar one under Fed. R. Civ. P. 12(b)(6). *See, e.g., Sewraz v. Nguyen*, Civ. Act. No. 3:08CV90, 2010 WL 517898, at *1 (E.D. Va. 10 Feb. 2010).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

3

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B.    42 U.S.C. § 1983 Claims

Title 42 U.S.C. § 1983 ("§ 1983") provides a cause of action for alleged constitutional violations. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such

4

that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

The court finds that plaintiff's claims are barred and should be dismissed under 42 U.S.C. § 1915(e)(2)(B) on both of the following grounds: the principles recognized in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and the *Rooker-Feldman* doctrine. Each of these grounds is discussed in turn below.

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 487 (emphasis original). Plaintiff has made no showing that his conviction and sentence were reversed or subject to any of the other action specified in *Heck v. Humphrey* and, indeed, the allegations in his complaint suggest that it remains in force. Accordingly, any claims by plaintiff challenging such conviction and sentence are not cognizable under § 1983 and should be dismissed. *Green v. McClary*, No. 2:07-4160-TLW-TER, 2008 WL 4177307, at *3 (D.S.C. 28 Dec. 2007) ("Until the plaintiff's convictions or fines are set aside, any civil rights action based on the convictions and fines will be barred because of the holding in *Heck v. Humphrey*."), *rep. and recomm. adopted* by 2014 WL 4662428, at *1 (4 Sept. 2008); *see also Hays v. City of Gentry, Ark.*, No. 5:14–CV–05071, 2014 WL 2450732, at *2 (W.D. Ark.) ("[T]o the extent

5

Plaintiff alleges his constitutional rights were violated by the issuance of the traffic citations, the fines/court costs assessed, and by various aspects of the proceedings against him, no § 1983 claims are cognizable" pursuant to *Heck v. Humphrey*), *rep. and recomm. adopted* by 2014 WL 2450732, at *1 (2 June 2014); *Martinez v. Chappell*, No. C 12–4356 PJH, 2013 WL 504809, at *2 (N.D. Cal. 11 Feb. 2013) ("Plaintiff is challenging the validity of the restitution aspect of his conviction, but the conviction has not been invalidated, so this claim must be dismissed."); *Hillman v. United States*, No. 1:10–cv–201, 2011 WL 797315, at *5 (S.D. Ohio 11. Jan. 2011) (rejecting § 1983 claim challenging imposition of a fine as part of a criminal conviction where "[n]either that conviction nor any other portion of Plaintiff's conviction and sentence have been reversed on direct appeal, expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus), *rep. and recomm. adopted* by 2011 WL 795732, at *1 (1 Mar. 2011).

## B.    *Rooker-Feldman* Doctrine

Independent of the principles in *Heck v. Humphrey*, the *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the

federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 Fed. Appx. 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "'in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer*, 129 F.3d at 733). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 Fed. Appx. 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The injuries plaintiff alleges in this case result from alleged improprieties in the state court criminal proceedings, namely, imposition of an excessive fine and term of imprisonment. Matters relating to these state criminal proceedings are not appropriately brought before this court because a determination of plaintiff's claims in his favor would necessarily require this court to find that the state court proceedings produced an improper result and possibly as well that they were prosecuted in an improper matter. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiff, of course, retained access to the state courts for pursuit of such claims. The claims should accordingly be dismissed. *See Dye v. Hatfield,* No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. 26 Aug. 2004) (finding that civil rights claims based upon "an alleged conspiracy among virtually everyone involved with the North Carolina state court system" which "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters" were barred by *Rooker-Feldman*); *Richardson v. Greene,* No. 5:11-CV-202-H, 2011 WL 8318429, at *1 (E.D.N.C. 6 July 2011) (affirming as frivolous plaintiff's complaint which sought review of a state court decision denying his request for appeal of a state court criminal conviction); *Newman v. Alexander,* No. Civ. A. 7:02CV01024, 2003 WL 1746320, at *4 (W.D. Va. 1 Apr. 2013) ("[Plaintiff] is essentially attempting to attack her criminal conviction by accusing the judicial officers involved in her criminal prosecution of conspiring against her. The *Rooker-Feldman* doctrine prohibits this court from hearing claims that seek to determine whether the decisions of a state court were wrong.").

## IV.   CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the complaint be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 20 May 2015 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 6th day of May 2015.

James E. Gates
United States Magistrate Judge