IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-550-FL

| | | |
|---|---|---|
| RANDY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CUMBERLAND COUNTY MUNICIPALITY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the court for review of plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss plaintiff's complaint, including supplement thereto and clemency petition, for lack of subject matter jurisdiction. Plaintiff has not filed objections to the M&R, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A plaintiff may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Absent a specific and timely filed objection, however, the court reviews only for "clear error," and need not give any explanation for adopting

the M&R. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

Here, the magistrate judge recommends that plaintiff's complaint be dismissed for lack of subject matter jurisdiction. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error in this determination. In particular, plaintiff's claims challenging his conviction and sentence in Cumberland County Superior Court, pursuant to 42 U.S.C. § 1983, must be dismissed because plaintiff has not alleged his conviction has been reversed, expunged, or declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994). In addition, plaintiff's claims alleging improprieties in the state court criminal proceedings are barred by the Rooker-Feldman doctrine. See Dist. Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Davani v. Va. Dept' of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close the case.

SO ORDERED, this the 27th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Court Judge